IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., PF PRISM C.V., C.P. PHARMACEUTICALS INTERNATIONAL C.V., PFIZER PHARMACEUTICALS LLC, and PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 COÖPERATIEF U.A., <br><br> Plaintiffs, <br><br> v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LIMITED and SUN PHARMACEUTICAL INDUSTRIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Pfizer Inc., PF PRISM C.V., C.P. Pharmaceuticals International C.V., Pfizer Pharmaceuticals LLC, and Pfizer PFE Ireland Pharmaceuticals Holding 1 Coöperatief U.A. (collectively "Plaintiffs" or "Pfizer"), for their Complaint against Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. (collectively "Sun"), allege as follows:

## NATURE OF THE ACTION

1. This is an action by Pfizer against Sun for infringement of United States Patent No. RE41,783 (the "'783 patent").

2. This action arises out of Sun Pharmaceutical Industries Limited's filing of ANDA No. 209790 seeking approval by the FDA to sell generic copies of Xeljanz XR® (11 mg tofacitinib extended release) prior to the expiration of the '783 patent.

**THE PARTIES**

3. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017.

4. Plaintiff PF PRISM C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and registered at the Trade Register held by the Chamber of Commerce in Rotterdam, the Netherlands, under number 51840456. Pfizer Inc. is the ultimate parent company of PF PRISM C.V.

5. Plaintiff C.P. Pharmaceuticals International C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having a place of business at 235 East 42nd Street, New York, New York 10017. Pfizer Inc. is the ultimate parent company of C.P. Pharmaceuticals International C.V.

6. Pfizer Pharmaceuticals LLC is a limited liability company organized and existing under the laws of Delaware and having its principal place of business at Bo. Carmelitas, Road 689, Km. 1.9, Vega Baja, Puerto Rico. Pfizer Inc. is the ultimate parent company of Pfizer Pharmaceuticals LLC.

7. Pfizer PFE Ireland Pharmaceuticals Holding 1 Coöperatief U.A. is a cooperative with no liability for its members (*coöperatie met uitsluiting van aansprakelijkheid voor haar leden*) under Dutch law, having its registered seat in Rotterdam, the Netherlands, having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands, and registered with the Dutch Trade Register under number 60558814. Pfizer Inc. is the ultimate parent company of Pfizer PFE Ireland Pharmaceuticals Holding 1 Coöperatief U.A.

8. On information and belief, defendant Sun Pharmaceutical Industries Limited is a company organized and existing under the laws of India, having its principal place of business at CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai, India 400063.

9. On information and belief, defendant Sun Pharmaceutical Industries, Inc. is a company organized and existing under the laws of Michigan, having its principal place of business at 1 Commerce Drive, Cranbury, New Jersey 08512. On information and belief, Sun Pharmaceutical Industries, Inc. is a wholly-owned subsidiary of Sun Pharmaceutical Industries Limited. On information and belief, Sun Pharmaceutical Industries, Inc. is the U.S. agent for Sun Pharmaceutical Industries Limited and for ANDA No. 209790. (Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. are referred to hereinafter as "Sun").

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. This Court has personal jurisdiction over Sun by virtue of the fact that, *inter alia*, Sun has committed a tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Plaintiffs, including in Delaware. In particular, this suit arises out of Sun Pharmaceutical Industries Limited's filing of ANDA No. 209790 seeking FDA approval to sell 11 mg tofacitinib extended release tablets ("Sun Generic XR Tablets") prior to the expiration of the '783 patent, throughout the United States, including in Delaware.

12. On information and belief, Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. are agents of each other and/or work in concert with each other on the development, obtaining of regulatory approval, marketing, sale, and/or distribution of generic drugs, including Sun Generic XR Tablets, throughout the United States, including in or

into Delaware. On information and belief, Sun Pharmaceutical Industries Limited, directly or through its subsidiary Sun Pharmaceutical Industries, Inc., manufactures, markets, imports, and sells generic drugs for distribution in Delaware and throughout the United States.

13. On information and belief, if ANDA No. 209790 is approved, Sun Generic XR Tablets will, among other things, be marketed and distributed by Sun in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located in Delaware, and/or used by patients in Delaware.

14. Sun's infringing activities with respect to its filing of ANDA No. 209790 and its intent to commercialize and sell Sun Generic XR Tablets has led and/or will lead to foreseeable harm and injury to Plaintiffs, including Pfizer Inc., which is incorporated in Delaware.

15. On information and belief, Sun maintains substantial, systematic and continuous contacts throughout the United States, including in Delaware. Sun's website states that "[i]n the US market, which contributes a significant share of our revenues, we are the leader in the generic dermatology segment. We have strong capabilities in developing generic and complex products with a robust pipeline of 151 ANDAs." (http://www.sunpharma.com/business-development (last visited Nov. 1, 2017)). Upon information and belief, Sun has distribution and customer service teams at multiple locations across the United States.

16. On information and belief, Sun Pharmaceutical Industries, Inc. was previously registered to conduct business in Delaware (File No. 5615437) and had the following registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17. Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. have previously availed themselves of this Court by consenting to this Court's jurisdiction and

asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g.*, *Galderma Labs., L.P. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 1:16-cv-01003-LPS (D. Del.) (D.I. 11) (Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. submitted counterclaims and did not contest personal jurisdiction); *Pfizer Inc. et al. v. Sun Pharma Global Inc. et al.*, No. 1:09-cv-00313-GMS (D. Del.) (D.I. 13) (same).

18.     Sun has not contested personal jurisdiction in a pending action brought against it in this Court by plaintiffs Pfizer Inc., PF PRISM C.V., and C.P. Pharmaceuticals International C.V., Civil Action No. 1:17-cv-00159-LPS, arising out of Sun's filing of the same ANDA that gives rise to this action.

19.     In the alternative, this Court has jurisdiction over Sun Pharmaceutical Industries Limited under Federal Rule of Civil Procedure 4(k)(2). Sun Pharmaceutical Industries Limited has contacts with the United States by, *inter alia*, having filed its ANDA with the FDA.

20.     Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).

21.     Sun has not contested venue in a pending action brought against it in this Court by plaintiffs Pfizer Inc., PF PRISM C.V., and C.P. Pharmaceuticals International C.V., Civil Action No. 1:17-cv-00159-LPS, arising out of Sun's filing of the same ANDA that gives rise to this action.

## BACKGROUND

**Xeljanz XR®**

22.     The active ingredient in Xeljanz XR® is tofacitinib citrate. Xeljanz XR® contains tofacitinib citrate in an amount equivalent to 11 mg of tofacitinib base in an extended release tablet formulated for once-daily administration.

23. Tofacitinib citrate is an inhibitor of Janus kinases ("JAKs") and is indicated for the treatment of adult patients with moderately to severely active rheumatoid arthritis who have had an inadequate response or intolerance to methotrexate.

24. The FDA-approved Prescribing Information for Xeljanz XR® states that tofacitinib citrate has the following chemical name: (3R,4R)-4-methyl-3-(methyl-7H-pyrrolo [2,3-d] pyrimidin-4-ylamino)-ß-oxo-1-piperidinepropanenitrile, 2-hydroxy-1,2,3-propanetricarboxylate (1:1).

**Orange Book Listing for Xeljanz XR®**

25. Pfizer Inc. holds approved NDA No. 208246 for EQ 11 mg base tofacitinib citrate extended release tablets, which Pfizer sells under the registered name Xeljanz XR®.

26. Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the '783 patent is listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for the Xeljanz XR® NDA.

27. The Orange Book lists the expiration date for the '783 patent as December 8, 2025.

28. Sun's prior paragraph IV notice, dated January 5, 2017, addressed U.S. Patent No. 6,965,027. The Orange Book also lists five additional patents for Xeljanz XR® that are not at issue: U.S. Patent Nos. 6,956,041 (expiring December 8, 2020); 6,965,027 (expiring March 25, 2023); 7,091,208 (expiring December 8, 2020); 7,265,221 (expiring December 8, 2020); and 7,301,023 (expiring May 23, 2022).

**The '783 Patent**

29. On September 28, 2010, the USPTO issued the '783 patent, titled "Pyrrolo[2,3d]pyrimidine Compounds." The '783 patent is a reissue of U.S. Patent No.

6,627,754, which issued on September 30, 2003. The '783 patent is duly and legally assigned to Pfizer Inc. A copy of the '783 patent is attached hereto as Exhibit A.

**SUN'S ANDA**

30. By letter dated September 26, 2017 (the "Sun XR Notice Letter") and received by Pfizer on September 27, 2017, Sun notified Pfizer that it had filed ANDA No. 209790 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act ("FDCA") to market and sell Sun Generic XR Tablets – generic copies of Xeljanz XR® (tofacitinib citrate EQ 11 mg base extended release tablets) – prior to the expiration of the '783 patent.

31. The Sun Notice Letter asserts that ANDA No. 209790 contains a "Paragraph IV" certification under 21 U.S.C. §§ 355(j)(1) and (2)(a) and that the '783 patent is "invalid, unenforceable and/or will not be infringed by" by Sun Generic XR Tablets.

32. The Sun Notice Letter indicates that the Sun Generic XR Tablets will contain tofacitinib citrate as the active ingredient.

33. The Sun Notice Letter states that ANDA No. 209790 requests "approval to engage in the commercial manufacture, use or sale of" Sun Generic XR Tablets prior to the expiration of the '783 patent.

34. Attached to the Sun Notice Letter was Sun's Detailed Statement of the Factual and Legal Bases of Sun's Paragraph IV Certification That U.S. Patent No. Re 41,783 Is Invalid, Unenforceable, and/or Not Infringed ("Sun's Detailed Statement"), purportedly asserting "the detailed factual and legal bases for the Paragraph IV certification of Sun Pharmaceutical Industries Limited that, in its opinion and to the best of its knowledge, [the '783 patent] is invalid and/or will not be infringed" by the commercial manufacture, use, or sale of Sun Generic XR Tablets.

35. Suns Detailed Statement alleges that claims 1-3 of the '783 patent will not be infringed either literally or under the doctrine of equivalents by Sun Generic XR Tablets.  Sun's Detailed Statement does not contain a noninfringement argument with respect to claim 4 of the '783 patent

36. Sun's Detailed Statement alleges that all claims of the '783 patent are invalid.

37. On information and belief, Sun Pharmaceutical Industries Limited and Sun Pharmaceutical Industries, Inc. collaborated and acted in concert in the decision to prepare and file and in the preparation and filing of ANDA No. 209790.

38. On information and belief, upon approval of ANDA No. 209790, Sun will distribute Sun Generic XR Tablets in the United States.

## COUNT I
### (Infringement of the '783 Patent by Sun Generic XR Tablets)

39. The allegations of paragraphs 1-38 above are repeated and re-alleged as if set forth fully herein.

40. Pursuant to 35 U.S.C. § 271(e)(2)(A), Sun's filing of ANDA No. 209790 seeking approval to market Sun Generic XR Tablets is an act of infringement of at least claim 1 of the '783 patent entitling Pfizer to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 209790 be a date which is not earlier than the expiration date of the '783 patent.

41. Sun had knowledge of the '783 patent when it submitted ANDA No. 209790 to the FDA.

42. On information and belief, Sun intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Sun Generic XR Tablets and will thereby infringe at least claim 1 of the '783 patent.

43. The foregoing actions by Sun constitute and/or would constitute infringement of at least claim 1 of the '783 patent.

44. Pfizer will be substantially and irreparably harmed if Sun is not enjoined from infringing the '783 patent. Pfizer has no adequate remedy at law.

## COUNT II
### (Sun Pharmaceutical Industries, Inc. Inducing of Infringement by Sun Pharmaceutical Industries Limited)

45. The allegations of paragraphs 1-44 above are repeated and re-alleged as if set forth fully herein.

46. On information and belief, Sun Pharmaceutical Industries, Inc. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission by Sun Pharmaceutical Industries Limited of ANDA No. 209790 to the FDA, knowing of the '783 patent.

47. The filing of ANDA No. 209790 by Sun Pharmaceutical Industries Limited constituted direct infringement under 35 U.S.C. § 271(e). Under 35 U.S.C. §§ 271(b) and 271(e)(2)(A), Sun Pharmaceutical Industries, Inc. induced the infringement of the '783 patent by actively and knowingly causing to be submitted, and/or assisting with, participating in, contributing to, and/or directing the submission of ANDA No. 209790 to the FDA knowing that the submission of ANDA No. 209790 would constitute direct infringement of the '783 patent.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

A. A judgment that Sun Pharmaceutical Industries Limited's submission of ANDA No. 209790 was an act of infringement and that Sun's making, using, offering to sell, selling or importing Sun Generic XR Tablets prior to the expiration of the '783 patent will infringe the '783 patent;

    B. A judgment that defendant Sun Pharmaceutical Industries, Inc.'s knowing and purposeful activities causing to be submitted, and/or assisting with, participating in, contributing to, and/or directing the filing of ANDA No. 209790, knowing that its submission would constitute direct infringement, induced infringement of the '783 patent;

    C. A judgment that the effective date of any FDA approval for Sun to make, use offer for sale, sell, market, distribute, or import the Sun Generic XR Tablets be no earlier than the dates on which the '783 patent expires, or any later expiration of exclusivity to which Pfizer is or becomes entitled;

    D. A permanent injunction enjoining Sun, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making using, selling, offering for sale, marketing, distributing, or importing Sun Generic XR Tablets, and from inducing or contributing to any of the foregoing, prior to the expiration of the '783 patent, or any later expiration of exclusivity to which Pfizer is or becomes entitled;

    E. A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Pfizer to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

    F. An award of Pfizer's costs and expenses in this action; and

    G. Such further and additional relief as this Court deems just and proper.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Maryellen Noreika* |
|  | Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com |
|  | *Attorneys for Plaintiffs* |

OF COUNSEL:

Aaron Stiefel
Daniel P. DiNapoli
Jeffrey Martin
Philip Smithback
Stephanie Piper
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

Soumitra Deka
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
San Francisco, CA 94111-4024
(212) 836-7211

November 7, 2017